J. S. LIVESAY et al., Respondents, v. JOHN B. WHITNEY et al., Appellants.

Kansas City Court of Appeals, May 30, 1904.

1. **SCHOOLS: Vote Changing Site: Sufficient Record.** The minutes of the annual meeting showed the following: "Moved and seconded to move the school house to the S. E. corner of J. B. Whitney's place." Held, sufficient to change the site of the school house and to designate the new site.

2. **———: Title of Site: Donations:** A school district has authority to take and hold land donated to it for a school house site.

3. **———: Incidental Fund: Removal of School House: Power of Board:** The moving of a school house to a new site and placing it on its foundation is in a sense the erection of a school building and the expense of the operation should not be paid out of the incidental fund.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Paxton & Rose* for appellants.

(1) It is proper to pay the cost of moving the schoolhouse out of the incidental fund. Moving a house is not building a house, nor is there any provision for voting money to move a schoolhouse. R. S. 1899, sec. 9750, ninth subd., and sec. 9778. (2) By voting to move the schoolhouse, the district thereby appropriated the money to pay for it, the money being in the treasury. (3) It was not necessary to get a new site at the same

Livesay v. Whitney.

time with or before the vote to move the schoolhouse. This vote being taken, it remains until changed by another vote; and it became the duty of the board to execute the will of the people as soon as the new site was obtained. Subdivisions nine and eleven of sec. 9750, Revised Statutes 1899 are not made dependent upon one another. Howland v. School District, 15 R. I. 184; Merritt v. Farris, 22 Ill. 303, 310. (4) The district did not have to buy a site when one was given it. R. S. 1899, sec. 9739. (5) The evidence showed that Whitney owned two farms in the district, and parol evidence was admissible to show which farm was meant. 1 Greenleaf, sec. 297. (6) Only the voters who voted are to be counted. Richardson v. Reynolds, 114 Mo. 641. (7) It was only necessary for the voters to fix the general location of the new site, leaving the metes and bounds to be fixed by the board of directors. The statute says nothing about metes and bounds. R. S. 1899, sec. 9750, eleventh subd.; Newell v. Hancock, 67 N. H. 244; Moore v. State ex rel., 9 Kan. App. 489; Merritt v. Farris, 22 Ill. 303.

*J. N.* and *A. S. Southern* for respondents.

(1) The annual meeting of School District No. 4, township 50, range 31, on April 2, 1901, had no authority to order the removal of the schoolhouse by the board of directors, onto the southeast corner of J. B. Whitney's place, if such site had been legally designated, but such site was not designated by the vote of the meeting. No contract with J. B. Whitney for the purchase of said corner was entered into, nor levy provided after fifteen days' notice, according to law, to raise the money to pay for the corner and the expense of removal of the scoolhouse, and of erecting the same upon a new location, nor did such meeting have jurisdiction. R. S. 1899, secs. 9750, 9778 and 9779. On contract with school district, see 51 Mo. App. 549,

also secs. 6759 and 6760, R. S. 1899. Fifteen days' public notice was required for a levy for building purposes, but no notice at all was given. No notice was disclosed by the record. Clerk Hensley testified that no such notice was given. The answer discloses the purpose to pay out of the incidental fund, and by just inference, admits no other fund was legally provided. This could not be done. The district had no building fund. R. S. 1899, secs. 9789, 9790; State v. Thompson, 64 Mo. 30; Richardson v. McReynolds, 114 Mo. 603; Black v Cornell, 30 Mo. App. 646; Rice v. McClellan, 58 Mo. 116; Seibert v. Botts, 57 Mo. 432. (2) No vote was taken or order made at the annual meeting of the school district, April 2, 1901, to change the location of the schoolhouse site, or to purchase a site to which to remove the schoolhouse. These powers belonged to the annual meeting only, and not to the board of directors. Upon the other hand, the annual meeting undertook to direct the removal of the schoolhouse, to do which it had no authority under the law, nor was it qualified to clothe the board of directors with such authority. R. S. 1899, sec. 9750, subdivision eleven; Buchanan v. School District, 25 Mo. App. 88; Seibert v. Botts, 57 Mo. 430; Black v. Cornell, 30 Mo. App. 646. (3) The description of the alleged place, "On to the S. E. corner of J. B. Whitney's place," was simply no description and may be rejected as conveying no information whatever—it is purely and simply a patent ambiguity on its face. Campbell v. Johnson, 44 Mo. 247; Carter v. Holman, 60 Mo. 504; Kane v. School District, 48 Mo. App. 414; Johnson v. Wood, 84 Mo. 517.

SMITH, P. J.—The plaintiff, J. S. Livesay, sues as one of the directors of School District No. 4, township fifty, range thirty-one, Jackson county, and also as a taxpayer of said district in connection with other taxpaying plaintiffs herein of said district, to restrain the defendants, who constitute a majority of said board,

from removing the schoolhouse of the district from its present location. At the annual meeting April 2, 1901, of the school district named, the following motion, as shown by the records of the meeting, was made, viz: "Moved and seconded to move the schoolhouse onto the southeast corner of J. B. Whitney's place. First ballot showed twelve for and five against said motion. Declared carried."

At a meeting of the board of directors held April 10, 1902, a petition was presented requesting the board "to call a special school meeting in the district for the purpose of determining by ballot the rate to be levied upon $100 assessed valuation necessary to purchase grounds for a schoolhouse site to which said schoolhouse has been removed by vote of this district at its regular April election, 1901." It was moved that, "the petition be not granted because the purposes specfied in the petition are not authorized by law," which motion was carried. On September 5, 1903, at a meeting of the board a vote was taken and carried "on moving the schoolhouse from where it is now situated to the site formerly selected at an annual meeting."

The defendants introduced evidence tending to show the location for the proposed schoolhouse site as understood by all the voters at the school election in 1901, and also a deed from J. B. Whitney and wife conveying one acre of ground for a schoolhouse site at the said place. The money paid for the land was raised by private subscription.

It is claimed that the vote at the April election, 1901, to "move the schoolhouse onto the southeast corner of J. B. Whitney's place" was not a vote to change the schoolhouse site. But it seems to us that substantially it was. It was just as effectual as to say that the location of the schoolhouse site would be changed to said place. When the house would be moved, the site would be changed.

It is also objected that the site was not sufficiently

designated. We think it was sufficiently so as to enable the board of directors to locate it. That was all that was necessary. Moore v. State, 9 Kans. App. 489.

Under the school law of the State, subdivision 11, section 9750, Revised Statutes 1899, school districts are authorized to change the location of the schoolhouse site when the same for any cause is deemed necessary. In the very nature of things there could be no levy of taxes to raise funds for a new schoolhouse until it was first determined to change the existing site. But it is contended that as it was shown that no new building was to be erected but the one then in existence was to be removed to the new site, there would arise no necessity for an additional levy of taxes for the erection of a new building. But it was contemplated that a levy should be made to pay for the new site. But the board refused to levy taxes for that purpose, whereupon the citizens of the district by private subscription raised the necessary funds and procured a deed to the new site.

Subdivision 9 of said section 9750, Revised Statutes, provides that the qualified voters of the district shall determine the rate to be levied necessary to purchase a site, erect a schoolhouse and furnish the same, as provided by section 9778 of said statute. Under section 9739, supra, the district was authorized to take and hold the land donated to it for a schoolhouse site.

It is admitted that the district had no building fund. And plaintiff charges that defendants are contemplating, without authority of law, to use incidental funds of the district to move said schoolhouse to the new site.

The statute creates three separate funds, viz: the teachers; the incidental or contingent; and the building fund. As we understand it, all moneys raised for general school purposes are apportioned between the teachers and the incidental fund. And all money raised for building purposes constitutes the third fund. The district clerk is not authorized to draw upon any par-

ticular fund for a purpose other than that for which the fund is apportioned. The incidental expense fund was created with the idea that in carrying on the schools there would arise a necessity for funds for purposes other than providing school sites and schoolhouses and the employment of teachers. The Legislature in providing a fund for incidental expenses had in mind such as would be incurred in carrying on the schools; for instance, for fuel, water, or things of that kind. It certainly did not have in contemplation such an extraordinary expense as the moving of a schoolhouse. The moving of a schoolhouse to another site and placing it on a foundation is in a sense the erection of a school building, and the expense attending the operation should be paid out of the building fund. There being no such fund provided, the directors had no authority to move the house to the new site, consequently the injunction was properly issued.

Affirmed. All concur.

### ON MOTION TO MODIFY JUDGMENT.

Now at this day the court having fully considered appellant's motion to modify the opinion, doth consider and adjudge that the injunction as to the teachers and incidental fund be and the same is hereby affirmed, but the injunction in other respects is set aside and held for naught.

It is therefore considered by the court that said motion to modify be thus sustained.